NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GREGORY TURNER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2017-1080

---

Petition for review of the Merit Systems Protection Board in Nos. AT-0353-14-0838-B-1, AT-0752-15-0199-I-1.

---

Decided: March 10, 2017

---

GREGORY TURNER, Memphis, TN, pro se.

KATHERINE MICHELLE SMITH, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before LOURIE, REYNA, and STOLL, *Circuit Judges.*

PER CURIAM.

Gregory Turner ("Turner") seeks review of the consolidated final order of the Merit Systems Protection Board ("the Board"), *see Turner v. U.S. Postal Serv.,* 123 M.S.P.R. 640 (Oct. 4, 2016) (*"Final Order"*), following initial decisions dismissing his two appeals for failure to prosecute. *Turner v. U.S. Postal Serv.*, No. AT-0752-15-0199-I-1 (M.S.P.B. May 24, 2016); *Turner v. U.S. Postal Service*, No. AT-0353-14-0838-B-1 (M.S.P.B. May 24, 2016); *see also* Resp't's App. ("R.A.") 18–42. Because the Board's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, we *affirm*.

BACKGROUND

On October 27, 2006, Turner, a City Carrier for the U.S. Postal Service ("the Agency"), suffered a compensable injury. R.A. 12. On August 5, 2010, he appealed to the Board, alleging that the Agency had failed to restore him to duty according to 5 C.F.R. § 353. *Id.* On March 31, 2011, the administrative judge ("AJ") issued an initial decision concluding that the Agency had denied Turner restoration and ordered the Agency to return him to duty. *Turner v. U.S. Postal Serv.*, No. AT-0353-10-0960-I-1 (M.S.P.B. March 31, 2011). Neither party filed a petition for review and the initial decision became the final decision of the Board. *See* 5 C.F.R. § 1201.113.

On September 27, 2013, Turner filed a petition for enforcement with the Board claiming again that the Agency denied him restoration, starting on April 1, 2013, by reducing his duty assignment from eight hours to six hours. R.A. 12. Turner argued that his doctor cleared him to work eight hours per day with certain restrictions. The Agency disagreed, arguing that Turner's doctor had only cleared him to work six hours per day. Resp't's Br. ("R.B.") 2–3. After the AJ denied Turner's new petition for enforcement, the AJ docketed a new appeal ("the first appeal") relating to Turner's allegation that the Agency

had violated his restoration rights. *Final Order,* 123 M.S.P.R. at 641; R.A. 35. On February 2, 2015, the AJ dismissed Turner's appeal, concluding that Turner did not make any nonfrivolous allegation of a violation of his restoration rights and failed to establish the Board's jurisdiction over his appeal. *Turner v. U.S. Postal Serv.*, No. AT-0353-14-0838-I-1 (M.S.P.B. Feb. 2, 2015); R.A. 1–10.

Turner then petitioned for review of the dismissal of the first appeal by the full Board. The Board concluded that even though the Agency properly reduced Turner's hours in September 2013 pursuant to his doctor's guidelines, Turner alleged that the Agency reduced his hours beginning in late March or early April 2013, which was before his doctor's notes were received. Accordingly, the Board vacated the initial decision and remanded the case to the AJ for a hearing. *Turner v. U.S. Postal Service*, No. AT-0353-14-0838-I-1, 2015 WL 5673131 (M.S.P.B. Sept. 28, 2015); R.A. 11–17.

On December 9, 2014, while the first appeal was pending, Turner filed a new appeal ("the second appeal") alleging that the agency had failed to restore him to duty when his supervisor ordered him not to return to work on December 6, 2014. *Final Order,* 123 M.S.P.R. at 643; R.A. 37.

On February 2, 2016, the AJ issued orders scheduling a telephonic status conference for both appeals on February 11, 2016 at 10:00 a.m. *Final Order,* 123 M.S.P.R. at 642; R.A. 35. Turner was also informed that the Agency had requested his written consent to release his workers' compensation records from the Department of Labor. The medical records were the crux of the dispute as to whether Turner was able to work six or eight hours beginning on April 1, 2013. The Agency argued that without Turner's written authorization, it would be unable to obtain the medical records from the Department of Labor. The

February 2, 2016 orders were served on Turner at his address of record pursuant to his notices of change of address filed with the court in November and December of 2015. *Final Order,* 123 M.S.P.R. at 642; R.A. 35. Turner did not call in for the status conference on February 11, 2016 and did not respond to the Agency's request for written authorization to release his medical records.

On February 17, 2016, the AJ ordered Turner, in both appeals, to send the Agency authorization to obtain his medical records by February 26, 2016 and warned him that if he failed to comply with Board orders his appeals could be dismissed for failure to prosecute. *Final Order,* 123 M.S.P.R. at 642–43; R.A. 36. The orders were served on Turner at his address of record. Turner did not comply with the February 17, 2016 orders and did not explain why he did not call in to the status conference.

On March 11, 2016, the AJ issued a second set of orders directing Turner to send the Agency authorization to obtain his medical records by March 21, 2016 and ordering him to update his contact information, including a credible telephone number. *Final Order,* 123 M.S.P.R. at 642–43; R.A. 36. Again, the AJ warned Turner that if he failed to comply with Board orders his appeals could be dismissed for failure to prosecute. The orders were again served on Turner at his address of record and he did not comply with the orders.

On April 8, 2016, the AJ issued a third and final set of orders instructing Turner to provide the Agency with authorization to obtain his medical records by April 19, 2016. *Final Order,* 123 M.S.P.R. at 642–43; R.A. 36. As with the previous orders, Turner was put on notice that his appeals could be dismissed if he failed to comply, and the orders were served on Turner at his address of record. Turner did not comply with the AJ's third and final set of orders.

On April 26, 2016, Turner re-registered as an e-filer on the Board's e-appeal system, but at that time he still had not responded to or complied with any of the AJ's orders. *Final Order,* 123 M.S.P.R. at 643; R.A. 37.

On May 24, 2016, the AJ issued initial decisions dismissing both of Turner's appeals for failure to appear at the telephone status conference, failure to keep his contact information up-to-date with the Board, and failure to respond to three separate sets of orders instructing him to provide his written authorization to the Agency to release his medical records. R.A. 18–33.

Turner filed petitions for review arguing that he did not comply with the AJ's orders because he lacked access to a telephone or computer due to financial difficulties. *Final Order,* 123 M.S.P.R. at 644; R.A. 38. Turner also asserted that the Agency did not need his written consent because the Agency already had full access to his medical records at the Department of Labor. R.B. 7. The Agency filed a response arguing that the Department of Labor was prohibited from providing medical records to an employing agency for litigation purposes without the employee's consent pursuant to a Memorandum of Understanding between the Postal Service and the Department of Labor. *Id.* Turner filed a reply stating that he was diagnosed with "mental confusion" which began at the start of his appeal in January 2016 and contributed to his lack of communication with the Board and compliance with the Board's orders during his appeal. R.A. 94.

On October 4, 2016, the Board issued a final order denying Turner's petitions for review and affirming the AJ's initial decision to dismiss the appeals for failure to prosecute. *Final Order,* 123 M.S.P.R. at 644–45. The Board reasoned that although the sanction of dismissal is severe, the AJ did not abuse her discretion in imposing it in light of Turner's repeated failure to respond to the AJ's orders. *Id.* Although the Board expressed sympathy for

Turner's difficulties, it ruled that "those difficulties do not explain why he did not use other inexpensive means, such as mailing a paper response to the administrative judge." *Id.* at 645.

Turner timely appealed from the Board's final order. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review a determination of the Board's jurisdiction *de novo* as a question of law, and review underlying factual findings for substantial evidence. *See Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008).

"If a party fails to prosecute or defend an appeal, the judge may dismiss the appeal with prejudice or rule in favor of the appellant." 5 C.F.R. § 1201.43(b). "Where an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the imposition of the sanction of dismissal for failure to prosecute has been found appropriate." *Williams v. U.S. Postal Serv.*, 116 M.S.P.R. 377, 381 (2011) (citing *Ahlberg v. Dep't of Health & Human Servs.*, 804 F.2d 1238, 1242–45 (Fed. Cir. 1986)).

Turner argues that he has been struggling with mental illness since the beginning of January 2016, which has prevented him from responding to the AJ's orders. Turner claims that the AJ failed to work with him or provide him a full understanding of her orders, specifically her request that he consent to the release of his medical records. Turner alleges that the Agency already had

access to his medical records and therefore did not need a signed release form.

The government responds that the Board correctly dismissed Turner's appeal for failure to prosecute. The government contends that the Board's decision was reasonable considering that Turner did not appear by telephone at the conference hearing on February 11, 2016, failed to respond to the Board's February 2nd, February 17th, March 11th, and April 8th orders, and did not provide his written consent to release his medical records pursuant to the Agency's multiple requests.

We agree with the government that the Board did not err in dismissing Turner's appeal for failure to prosecute. Although dismissal is "the most severe sanction available," *Williamson v. Merit Sys. Prot. Bd.*, 334 F.3d 1058, 1063 (Fed. Cir. 2003), we have approved of such a sanction where a petitioner was twice warned that failure to respond would be treated as a failure to prosecute, *Ahlberg*, 804 F.2d at 1243. Here, Turner did not to call in to the scheduled status conference, did not explain his failure to do so, and did not respond to orders in each of his appeals. Although we are sympathetic to Turner's financial difficulties, such difficulties do not excuse his failure to respond to repeated orders. *See Johnson v. Dep't of Veterans Affairs,* 64 M.S.P.R. 257, 259 (1994), *aff'd,* 56 F.3d 81 (Fed. Cir. 1995). Moreover, Turner did not raise his medical difficulties to the AJ; indeed, he only raised those issues in reply to the Agency's response to the petitions for review. R.B. 10; R.A. 94. Even so, Turner did not present the Board with any documentary evidence establishing that he lacked the capacity to respond to the AJ's orders, such as a diagnosis or letter from a doctor. Accordingly, the Board committed no reversible error when it dismissed Turner's appeals.

We have considered Turner's remaining arguments but find them unpersuasive. For the foregoing reasons,

we affirm the Board's decision dismissing Turner's appeals for failure to prosecute.

## AFFIRMED

### COSTS

No costs.