# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ANDREW F. BRACKENRIDGE, | DOCKET NUMBER |
| Appellant, | DC-0752-18-0195-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE, | DATE:  December 28, 2023 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew F. Brackenridge, Waldorf, Maryland, pro se.

Stephanie Liaw, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed with prejudice his appeal of his demotion for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant was employed by the Federal Bureau of Investigation as a GS-15 Supervisory Management and Program Analyst. Initial Appeal File (IAF), Tab 5 at 34. The agency asserted that a requirement of the appellant's position was maintaining a Top Secret-Sensitive Compartmented Information (TS-SCI) security clearance and that to maintain this security clearance he was required to have successfully completed a polygraph examination within the last 5 years. IAF, Tab 5 at 20, Tab 7 at 1. On December 13, 2017, the agency demoted the appellant to a GS-14 Management and Program Analyst position for his failure to successfully pass the polygraph. IAF, Tab 5 at 20, 38.

On December 15, 2017, the appellant then filed this appeal regarding his demotion. IAF, Tab 1. He alleged that at the time he took the polygraph, and through the time of his filing of this appeal, he was suffering from post-traumatic stress disorder (PTSD) as a result of traumatic events he experienced during his deployment with the U.S. Navy in Afghanistan. *Id*. at 3.

On January 17, 2018, the administrative judge held a telephonic status conference with the appellant and the agency representative. IAF, Tab 7 at 1. As indicated in her summary of the conference, they reviewed the relevant dates in

the appeal. *Id*. at 3. Prehearing submissions were due by February 14, 2018, a telephonic prehearing conference was set for February 20, 2018, and the hearing was scheduled for February 23, 2018. *Id*. Consistent with the schedule articulated by the administrative judge, the appellant filed a prehearing submission on February 11, 2018. IAF, Tab 8. The appellant failed, however, to participate in the February 20, 2018 prehearing conference. *See* IAF, Tab 10.

On February 20, 2018, the administrative judge issued a notice regarding the appellant's failure to appear for the prehearing conference. *Id*. She stated that the appellant failed to request a rescheduling of the prehearing conference or otherwise advise of his unavailability. *Id*. at 1. She noted that the agency representative indicated that she made attempts to reach the appellant via telephone, and would attempt to reach the appellant via his work and home email addresses. *Id*. at 1 & n.1. The administrative judge explained that the appellant's failure to comply with the Board's orders could result in dismissal of the appeal for failure to prosecute, and she rescheduled the prehearing conference for February 21, 2018.[1] *Id*. at 1. She further stated that if the appellant failed to appear for the prehearing conference, she would order him to show cause why his hearing should not be cancelled. *Id*. at 2. The appellant failed to appear for the rescheduled prehearing conference. *See* IAF, Tab 11.

On February 21, 2018, the administrative judge issued an order to show cause, explaining that the appellant had failed to appear for the rescheduled prehearing conference and she cancelled the hearing previously scheduled for February 23, 2018. IAF, Tab 11 at 1-2. The administrative judge noted that she and the agency representative were unable to reach the appellant via his telephone numbers of record, *id*. at 1 & n.1, and that the agency representative indicated that she also advised the appellant of the rescheduling via email, *id*. at 1 n.2. The administrative judge ordered the appellant to show cause why the appeal should

_____

[1] The appellant registered as an e-filer, IAF, Tab 1 at 2, and should therefore have received the administrative judge's notices the same day they were issued.

not be decided based on the written record. *Id*. at 2. The appellant's response was required by February 28, 2018. *Id*.

The administrative judge also issued a close of record order on February 21, 2018, requiring the parties to submit any additional evidence and argument by March 16, 2018. IAF, Tab 12. The appellant failed to respond to the show cause order and failed to submit any additional evidence or argument.

On April 18, 2018, the administrative judge ordered the appellant to show cause why his appeal should not be dismissed for failure to prosecute. IAF, Tab 14. His response was required by April 30, 2018. *Id*. at 2. The appellant failed to respond to the order. On May 1, 2018, the administrative judge dismissed the appeal with prejudice for failure to prosecute. IAF, Tab 15, Initial Decision (ID).

On May 29, 2018, the appellant filed a petition for review, asserting that he had failed to comply with the administrative judge's orders because his service-connected PTSD and severe anxiety prevented him from prosecuting his appeal. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 14 (2016), *aff'd per curiam*, 681 F. App'x 934 (Fed. Cir. 2017); 5 C.F.R. § 1201.43(b). The imposition of such a severe sanction may be used only when necessary to serve the ends of justice, as when a party has failed to exercise basic due diligence in complying with an order, or has exhibited negligence or bad faith in his efforts to comply. *Turner*, 123 M.S.P.R. 640, ¶ 14. Failure to obey a single order does not ordinarily justify dismissal for failure to prosecute. *Id*. Nevertheless, absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of sanctions,

including the sanction of dismissal with prejudice. *Id*. When an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the imposition of the sanction of dismissal for failure to prosecute has been found appropriate. *Id*., ¶ 15.

However, the Board has found good cause to reverse the dismissal of an appeal for failure to prosecute when the appellant has proven that his failure to respond to multiple Board orders was due to a mental health condition. *Monley v. U.S. Postal Service*, 74 M.S.P.R. 27, 29-30 (1997). In *Monley*, the appellant explained on review that he was unable to focus on his appeal because he had been in and out of the hospital for stress-related illnesses and because of medications he had been taking. *Id*. at 29. For support, he included a letter from his physician who stated that the appellant had undergone inpatient and outpatient medical treatment and was therefore unable to appropriately address his legal affairs. *Id*.

Here, under penalty of perjury, the appellant states the following: (1) his failure to respond to the administrative judge's orders was due to his PTSD and severe anxiety; (2) his involvement in this appeal has led to a significant decline in his mental and physical health, causing him prostrating migraines, anxiety, and increased sleep disturbances; and (3) he has had panic attacks whenever he has had to deal with the appeal. PFR File, Tab 1 at 3, 6-7. Below, he also asserted under penalty of perjury that his difficulties in attempting to secure legal representation in this appeal exacerbated his anxiety and depression, causing him to "shutdown," and that he knew he could not adequately represent himself before the Board because of his mental condition. IAF, Tab 8 at 3, 9.

The appellant's statements made under penalty of perjury constitute admissible evidence. *See Paris v. Department of the Treasury*, 104 M.S.P.R. 331, ¶ 18 n.2 (2006); 5 C.F.R. § 1201.14(*l*). However, the only other evidence the appellant produced on this issue is a January 2018 letter from the Department of Veterans Affairs stating that he had a service-connected disability of 90%. IAF,

Tab 8 at 20. The letter does not identify what disability or disabilities the appellant had nor how his disability affected him. *Id.*

Under these circumstances, we find that the appellant has failed to establish good cause for failing to respond to the administrative judge's multiple orders. His allegations of poor mental health are unsupported by other record evidence, particularly evidence showing the nature and severity of his condition or that he was medically incapable of responding to the administrative judge's orders. *See Malfitano v. Department of the Navy*, 63 M.S.P.R. 260, 262 (1994) (finding that general claims of mental and emotional impairment, unsupported by medical documentation, did not establish good cause for the untimely filing of a petition for review), *aff'd*, 45 F.3d 444 (Fed. Cir. 1995) (Table).

The appellant also asserts that he has new evidence in the form of a witness statement indicating that his GS-15 position did not require a TS-SCI security clearance, although he does not provide a copy of such a statement on review. PFR File, Tab 1 at 10. Below, the appellant identified this same individual as his sole witness and indicated that she would testify, *inter alia*, that his position did not require a TS-SCI security clearance when he applied for and accepted the position. IAF, Tab 8 at 19. Accordingly, because the information contained in the purported witness statement was previously available, it would not constitute new and material evidence. *See* 5 C.F.R. § 1201.115(d) (to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed). Moreover, the appellant's arguments regarding the merits of his case are irrelevant in light of his failure to establish good cause for failing to respond to the administrative judge's multiple orders. *See Gingery v. Department of the Treasury*, 111 M.S.P.R. 134, ¶ 11 (2009) (finding arguments regarding the merits of an appeal irrelevant to the issue before the Board of whether the administrative judge abused her discretion in dismissing the appeal without prejudice to refiling); *Eaglehart v. U.S. Postal Service*, 102 M.S.P.R. 672, ¶ 12

(2006) (finding that the Board need not address arguments related to the merits where the appeal is untimely filed without good cause shown). For the foregoing reasons, we affirm the initial decision dismissing the appeal for failure to prosecute.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Jennifer Everling*

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.