**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JASON D. DEMUTH, | DOCKET NUMBER |
| Appellant, | CH-0752-22-0374-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE, | DATE: April 4, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jason D. DeMuth, Frankfort, Kentucky, pro se.

Bobbi K. Mihal, Esquire, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal with prejudice for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

In July 2022, the appellant filed an appeal challenging his removal from Federal service. Initial Appeal Form (IAF), Tab 1. He mailed his initial appeal form to the regional office and did not register as an e-filer. *Id.* at 27. On August 3, 2022, the administrative judge issued an order scheduling a preliminary status conference for August 12, 2022. IAF, Tab 6 at 1. The order was mailed to the appellant at the address he listed on his initial appeal form. IAF, Tab 1 at 1, Tab 6 at 2. The appellant did not appear for the status conference. IAF, Tab 7 at 1. According to the administrative judge, the agency called the appellant on the day of the conference and left a voicemail on his phone. *Id.* The administrative judge issued an order rescheduling the status conference for August 26, 2022, which was sent to the appellant by mail. *Id.* at 1-2. The order warned that failure to participate in the conference could result in sanctions, including dismissal of the appeal. *Id.* at 1. The appellant did not appear for the rescheduled status conference. IAF, Tab 8 at 1. Accordingly, the administrative judge issued an order instructing the appellant to show cause for his failure to prosecute and warning him that failure to respond by September 9, 2022, could

result in dismissal of the appeal. IAF, Tab 8 at 1-2. The appellant did not file a response. On September 12, 2022, the administrative judge issued an initial decision dismissing the appeal with prejudice as a sanction for the appellant's failure to prosecute. IAF, Tab 9, Initial Decision (ID) at 1-4. The appellant has filed a timely petition for review and the agency has filed a response in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011). The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). An administrative judge may impose sanctions upon the parties as necessary to serve the ends of justice. 5 C.F.R. § 1201.43.

On review, the appellant asserts that, on July 29, 2022, he moved from the address he listed in his initial appeal form. PFR File, Tab 1 at 1. He states that, after he moved, someone gathered his mail and brought it to him "about 3 to 4 weeks later." *Id.* He provided his new mailing address with his petition for review. *Id.* Regarding the status conference, the appellant stated that he was unable to answer his phone because he "did not have a sufficient amount of time to work the conference call into [his] schedule." *Id.* With his petition for review, the appellant also filed a statement purportedly written by a union steward. *Id.* at 2. Although most of the statement pertains to the merits of the appellant's removal, it also asserts that the appellant "did not receive a lot of his mail and was unable to join in on the conference call." *Id.*

An appellant is responsible for notifying the Board of a change of address. *West v. Equal Employment Opportunity Commission*, 69 M.S.P.R. 310, 313 (1996); 5 C.F.R. § 1201.26(b)(2). Under these circumstances, we find that the

appellant did not act diligently because he waited almost 3 months after he moved to provide the Board with his new address. PFR File, Tab 1 at 1; *see Graham v. U.S. Postal Service*, 32 M.S.P.R. 572, 574 (1987) (finding that the appellant's failure to notify the regional office of his new address did not establish good cause for an untimely filing). Even assuming the appellant received the administrative judge's orders 4 weeks after they were sent, at a minimum, he would have received the acknowledgment order[2] and the preliminary status conference order before the initial decision was issued. IAF, Tabs 2, 6. He has not explained why he took no action to prosecute his appeal when he received those orders or when the agency called him on August 12, 2022. IAF, Tab 7 at 1; PFR File, Tab 1 at 1. We find that the administrative judge did not abuse her discretion in sanctioning the appellant for his failure to exercise due diligence in prosecuting his appeal. *See Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 16 (2016) (upholding the dismissal of an appeal with prejudice when, after registering as an e-filer, the appellant took no steps to pursue his appeal), *aff'd per curiam*, 681 F. App'x 934 (Fed. Cir. 2017); *cf. Sullivan v. Department of Veterans Affairs*, 86 M.S.P.R. 117, ¶ 7 (2000) (finding that the administrative judge abused her discretion in dismissing the appeal for failure to prosecute because the appellant had attempted to participate in the proceedings by filing a timely, albeit incomplete, pleading and leaving a voicemail for the administrative judge regarding his attempts to comply with an order).

Insofar as the appellant's remaining arguments pertain to the merits of the underlying removal, we do not consider them because they are not relevant to the issue of whether the administrative judge abused her discretion in dismissing this appeal with prejudice. PFR File, Tab 1 at 2. We therefore deny the petition for review and affirm the initial decision.

---

[2] The acknowledgment order was sent to the appellant more than 2 weeks before he moved and noted that the appellant was personally responsible for prosecuting his case in a timely manner. IAF, Tab 2 at 11, 17. It also contained instructions for registering as an e-filer. *Id.* at 16.

# NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:       _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.