## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERIC M. MAGEE,
　　　　　　Appellant,

　　　　v.

DEPARTMENT OF THE TREASURY,
　　　　　　Agency.

DOCKET NUMBER
CH-0752-23-0237-I-1

DATE: October 11, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Eric M. Magee, Independence, Missouri, pro se.

Russ Eisenstein, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### REMAND ORDER

¶1　　The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal with prejudice due to failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    Prior to his removal, the appellant was a GS-5 Tax Examining Technician in the Kansas City Submission Processing division of the agency's Wage and Investment Service Center. Initial Appeal File (IAF), Tab 11 at 18, 51. On March 21, 2023, he filed a Board appeal challenging his removal. IAF, Tab 1 at 1. At all times during this appeal, he has represented himself.

¶3    The administrative judge held a status conference on April 14, 2023, which both parties attended. IAF, Tab 6 at 1. At the conference, the appellant stated that he wished to pursue claims of sex discrimination and harmful procedural error  Following the conference, the administrative judge issued an affirmative defenses order, which advised the appellant of his burdens of proof as to such claims and directed the appellant to respond if he planned to advance claims under Title VII or allege harmful procedural error. IAF, Tab 7. The appellant did not respond.

¶4    On May 22, 2023, the agency moved to compel the appellant's responses to its discovery requests, noting that he had attempted to respond, at least in part, but he had submitted most of his responses via cloud-based storage sites that the agency could not access. IAF, Tab 13 at 4-6, 26-36. The agency provided evidence that the appellant timely responded via email to 7 of the agency's 23 interrogatories. *Id.* at 12-15, 27. On May 23, 2022, the administrative judge scheduled a status conference for the following day. IAF, Tab 14. Both parties again attended. IAF, Tab 15 at 1. At the conference, the appellant did not oppose the agency's motion, but stated that the agency's use of encryption had made it difficult for him to open its requests. *Id.* at 1-2. Later that same day, the administrative judge ordered the appellant to respond to the affirmative defenses order and the agency's discovery requests and the administrative judge's affirmative defenses order by June 2, 2023. *Id.* at 2.

¶5    On June 5, 2023, the agency reminded the appellant that he was required to respond to its discovery and observed that he had not yet done so. IAF,

Tab 16 at 8. Later that day, the appellant sent an email reiterating and attesting to his responses to seven interrogatories. IAF, Tab 13 at 27, Tab 16 at 9, 21. He also admitted or denied 19 of the agency's 28 requests for admissions and attested to his responses. *Id.* at 5, 22-27. He objected to six requests for admissions without explaining the bases of his objections and neither objected nor provided responses to the remaining three requests. *Id.*

¶6 The agency moved for the administrative judge to issue an order to show cause as to why the appellant failed to respond to the affirmative defense order at all, failed to respond to discovery by the June 2, 2023 due date, and failed to provide complete responses to discovery when he did respond on June 5, 2023. IAF, Tab 16 at 4-6. On the same day that the agency filed its motion, the appellant responded to the agency's first 16 interrogatories. IAF, Tab 17 at 6. The administrative judge issued an order to show cause to the appellant as to why his appeal should not be dismissed for failure to prosecute. IAF, Tab 19. The appellant did not respond to the order to show cause despite the administrative judge's warning that failure to respond would result in dismissal. *Id.* at 2.

¶7 The administrative judge issued an initial decision dismissing the appeal for failure to prosecute, finding that dismissal was appropriate because the appellant "failed to comply with multiple discovery-related orders (including an order compelling discovery), repeatedly failed to respond to the Affirmative Defenses Order, and failed to respond to the Order to Show Cause." IAF, Tab 22, Initial Decision (ID) at 4. He found that the appellant failed to exercise basic due diligence in complying with Board orders and in prosecuting his appeal. *Id.*

¶8 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has responded to the petition. PFR File, Tab 3. As discussed below, we find that the administrative judge abused his discretion by dismissing this appeal for failure to prosecute.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶9    The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 14 (2016), *aff'd per curiam*, 681 F. App'x 934 (Fed. Cir. 2017). The Board has held that the imposition of such a severe sanction must be used only when necessary to serve the ends of justice, as when a party has failed to exercise basic due diligence in complying with an order, or has exhibited negligence or bad faith in his efforts to comply. *Id.* The severe sanction of dismissal with prejudice for failure to prosecute an appeal should not be imposed when a pro se appellant has made incomplete responses to the Board's orders but has not exhibited bad faith or evidenced any intent to abandon his appeal, and appears to be confused by Board procedures. *Id.* Nevertheless, absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of sanctions, including the sanction of dismissal with prejudice. *Id.*

¶10    The Board upheld the dismissal of an appeal based on an appellant's failure to exercise due diligence when she made no attempt to respond to or comply with any of the administrative judge's three orders, the last of which was an order to show cause. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶¶ 2-3, 10-12 (2011). On the other hand, the Board concluded that an administrative judge abused his discretion when he dismissed an appeal after an appellant attended only one of two status conferences, filed three duplicative but incomplete responses to an administrative judge's affirmative defenses order, and did not respond to the agency's discovery requests as ordered by the administrative judge. *Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶¶ 3-5, 7, 12-13 (2010); *see Tully v. Department of Justice*, 95 M.S.P.R. 481, ¶¶ 2-3, 12 (2004) (vacating an initial decision dismissing an appeal for failure to prosecute because the sanction was too severe, although the pro se appellant had twice failed to file prehearing submissions and failed to appear at some of the administrative judge's scheduled telephonic conferences). The Board

acknowledged that the appellant was not diligent in pursuing his appeal. *Wiggins*, 113 M.S.P.R. 443, ¶ 12. Nonetheless, it found that dismissal did not serve the ends of justice because the appellant's attendance at a telephonic status conference, his summary assertion of his affirmative defenses, and his three timely responses to the affirmative defenses order reflected that he did not intend to abandon his appeal and made good faith efforts in light of his pro se status. *Id.*, ¶¶ 12, 14.

¶11 As in *Wiggins*, we agree with the administrative judge that the appellant here has not been diligent in pursuing his appeal. ID at 4. He did not comply with the administrative judge's affirmative defenses order or his order to show cause. Nonetheless, we find that, as in *Wiggins*, the appellant's actions do not exhibit bad faith or evidence an intent to abandon his appeal. Here, the appellant's partial and untimely responses to discovery and attempt to comply with the order to produce discovery responses reflect that he attempted to participate in this appeal. IAF, Tab 13 at 26-36, IAF, Tab 16 at 21-27. He was stymied to some extent by his lack of a computer and technological savvy. IAF, Tab 13 at 31, 36. Further, although lacking in detail, his objections and responses to the agency's interrogatories and requests for production are consistent with the expectations the Board has for a pro se appellant, at least as an initial response. *See* 5 C.F.R. § 1201.73(c)(1) (providing that, prior to a party filing a motion to compel, the moving party must discuss the anticipated motion with the opposing party or nonparty, and both parties shall make a good faith effort to resolve the discovery dispute and narrow the areas of disagreement). The appellant also participated in two telephonic status conferences, including one that the administrative judge scheduled the day before it was held. IAF, Tab 16 at 8-9, Tab 17 at 6.

¶12 Although the extreme sanction of dismissal is not appropriate in this instance, we acknowledge the administrative judge's frustration and that he warned the appellant that failure to respond to the order to show cause would

result in dismissal of the appeal. IAF, Tab 19 at 2; *Williams*, 116 M.S.P.R. 377, ¶ 10 (noting, in affirming an administrative judge's dismissal of an appeal for failure to prosecute, that the administrative judge had warned the appellant that failure to respond to a show cause order could result in dismissal). On remand, the administrative judge is not required to permit the appellant to present evidence he failed to provide in response to the affirmative defenses order at an evidentiary hearing. *See Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶ 4, 10, 14 (2009). Further, the administrative judge may draw an inference in favor of the agency as to the information that the agency sought and that the appellant failed to provide. *Id.*, ¶¶ 12, 14. In instituting sanctions, the administrative judge should consider whether the appellant's responses and objections are reasonable given his pro se status. *See Lancaster v. Office of Personnel Management*, 112 M.S.P.R. 76, ¶ 14 (2009) (recognizing that pro se litigants are not expected to plead issues with the precision of attorneys).

¶13      In remanding this appeal, we note that appellants are expected to comply with all orders issued by the Board's administrative judges. *See Lubert v. U.S. Postal Service*, 110 M.S.P.R. 430, ¶ 15 (2009). Moreover, an administrative judge may impose various sanctions when a party fails to comply with an order. *See* 5 C.F.R. § 1201.43(a). Accordingly, on remand, the appellant must be more diligent in complying with the administrative judge's orders and in pursuing his appeal to avoid the imposition of sanctions as necessary to serve the ends of justice.[2] *Lubert*, 110 M.S.P.R. 430, ¶ 15; *Tully*, 95 M.S.P.R. 481, ¶ 14.

---

[2] The appellant also argues on review the merits of the underlying removal action. PFR File, Tab 1 at 4-5. However, the merits of the underlying matter do not bear on the dispositive issue in this appeal, the dismissal of the appeal based on failure to prosecute. *See Bennett v. Department of the Navy*, 1 M.S.P.R. 683, 688 (1980) (concluding that an appellant's argument regarding the merits of the underlying agency action was not determinative of the propriety of a dismissal for failure to prosecute). The appellant may raise these arguments below, consistent with the administrative judge's orders.

**ORDER**

¶14     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                           *Gina K. Grippando*
                                    _____
                                    Gina K. Grippando
                                    Clerk of the Board
Washington, D.C.