# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WANNY MA, | DOCKET NUMBER |
| Appellant, | SF-531D-19-0584-I-1 |
| v. | |
| DEPARTMENT OF DEFENSE, | DATE: January 27, 2025 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Wanny Ma, Monterey Park, California, pro se.

Temple L. Wilson, Esquire, Fort Belvoir, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

\* The Board members voted on this decision before January 20, 2025.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for failure to prosecute her appeal of the agency's denial of a within-grade increase. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

case to the Western Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On July 19, 2019, the appellant, a GS-12 Auditor, filed an appeal of the agency action denying her within-grade increase. Initial Appeal File (IAF), Tab 2. She requested a hearing. *Id.* at 2. On August 22, 2019, the administrative judge scheduled the requested hearing for October 1, 2019, and the prehearing conference for September 19, 2019, and he required that he receive prehearing submissions by September 16, 2019. IAF, Tab 9 at 1-2. The agency filed a prehearing submission, but the appellant did not. IAF, Tab 14. During the prehearing conference, at which both parties appeared, the administrative judge rescheduled the hearing for October 10, 2019. IAF, Tab 15 at 2.

On October 6, 2019, the appellant requested that the hearing be postponed so that she could attend an agency-mandated forum for Auditors about which she had just learned was to be held on October 10, 2019. IAF, Tab 18 at 4, 6. On October 8, 2019, while her first motion was still pending, she requested to "withdraw the hearing" so that she could attend the forum, and she also sought leave to file more documents to support the allegations made in her previous submissions. IAF, Tab 22 at 3.

In an Order dated October 9, 2019, the administrative judge denied the appellant's request for a postponement of the hearing for lack of good cause. IAF, Tab 24 at 1, 3-4. He also denied as untimely her request to file additional documents and rejected as untimely and improperly filed other documents the appellant had submitted after the final date for such submissions. IAF, Tab 24 at 3-4. In addition, the administrative judge denied as not unequivocal the appellant's request to withdraw the hearing, and he ordered the parties and the approved witnesses to appear at the hearing as scheduled. *Id.* The administrative judge noted that the appellant had failed to file a prehearing submission and had

been informed at the outset of the adjudication process that a failure to comply with the administrative judge's orders and the Board's regulations could result in the imposition of sanctions, including dismissal of the appeal with prejudice. *Id.* at 4.

On October 9, 2019, the appellant filed additional documents, and on that same date, she filed another pleading in which she again requested to "withdraw the hearing" to attend the forum. IAF, Tab 26, Tab 27 at 4. On October 10, 2019, in advance of the time the hearing was set to begin, the administrative judge issued an order rejecting the appellant's most recent submissions as untimely and improperly filed. IAF, Tab 28 at 1-2. He again reminded her that her continued failure to comply could result in the imposition of sanctions, including dismissal of her appeal for failure to prosecute. *Id.* at 3.

The appellant did not appear at the hearing. That same day, the administrative judge issued an order directing the appellant to show cause why her appeal should not be dismissed for failure to prosecute. IAF, Tab 31 at 1-2. He ordered the appellant to respond by October 10, 2019, and also set that date as the close of the record for receipt of all evidence and argument. *Id.* The agency submitted a closing brief and evidence in the form of affidavits. IAF, Tab 32. In two late-filed responses, the appellant sought to demonstrate good cause for her numerous untimely filings, describing the difficulties she had with the agency regarding her requests for official time to work on her appeal. IAF, Tabs 33, 35.

In his initial decision, the administrative judge dismissed the appeal for failure to prosecute. IAF, Tab 37, Initial Decision (ID) at 1, 8-10. He found that the appellant failed to exercise due diligence in complying with numerous Board orders and/or exhibited bad faith in her efforts to comply with the Board's orders. *Id.* at 8-9.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response, and the appellant has replied. PFR File, Tabs 3, 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge erred in dismissing the appeal for failure to prosecute.</u>

Dismissal for failure to prosecute is a sanction that may be imposed if a party fails to prosecute or defend an appeal. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 14 (2016), *aff'd per curiam*, 681 F. App'x 934 (Fed. Cir. 2017); 5 C.F.R. § 1201.43(b). The Board has held that the imposition of such a severe sanction must be used only when necessary to serve the ends of justice, as when a party has failed to exercise basic due diligence in complying with an order or has exhibited negligence or bad faith in her efforts to comply. *Turner*, 123 M.S.P.R. 640, ¶ 14. The severe sanction of dismissal with prejudice for failure to prosecute an appeal should not be imposed when a pro se appellant has made incomplete responses to the Board's orders but has not exhibited bad faith or evidenced any intent to abandon her appeal, and appears to be confused by Board procedures. *Id.* Nevertheless, absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of sanctions, including the sanction of dismissal with prejudice. *Id.*

Here, the record does not show that the appellant failed to exercise basic due diligence or that she exercised negligence or bad faith in her efforts to comply with the administrative judge's orders under the circumstances.[2] In finding that dismissal for failure to prosecute was warranted, the administrative judge reasoned that the appellant did not comply with his orders when, among other things, she did not timely file prehearing submissions, did not attend the

---

[2] The appellant has not shown good cause for her failure to file a prehearing submission, as required by the administrative judge's August 22, 2019 hearing order. Nonetheless, while the administrative judge noted during the prehearing conference that the appellant did not make the required submission, he did not indicate that he intended to sanction her for it. IAF, Tab 15. In any event, this failure to comply with the administrative judge's order would not warrant a dismissal of the appeal for failure to prosecute. *See Murdock v. Government Printing Office*, 38 M.S.P.R. 297, 299 (1988) (stating that a single failure to comply with a Board order is insufficient to support dismissal for failure to prosecute).

scheduled hearing, and did not timely respond to the order to show cause. ID at 2, 6-8. For the following reasons, we find that the administrative judge erred in not granting the appellant's request to cancel the hearing and in not issuing a close of record order that allowed the parties sufficient time to submit final written submissions to adjudicate the appeal on the merits based on the written record.

After the administrative judge issued the decision in this appeal, the Board amended its regulations to clarify that, under 5 C.F.R. § 1201.41(b)(5), "administrative judges may only hold a hearing if requested by an appellant." *See* Rules & Regulations, 89 Fed. Reg. 72957-01, 72958, 72961 (Sept. 9, 2024). The Board explained that "[t]his modification reemphasizes that the right to request a hearing belongs solely to appellants, and that neither administrative judges nor agencies may order a hearing if the appellant does not wish to have a hearing." *Id.* at 72958. This amendment underlines a right that existed at the time the administrative judge issued the initial decision, i.e., the right for an appellant to request a hearing. *See* 5 U.S.C. § 7701(a)(1) (stating that an appellant shall have the right to a hearing); *Crispin v. Department of Commerce*, 732 F.2d 919, 922-24 (Fed. Cir. 1984) (explaining that an appellant is statutorily entitled to a hearing under 5 U.S.C. § 7701(a)(1)); 5 C.F.R. § 1201.24(d) (discussing an appellant's right to a hearing on the merits); 5 C.F.R. § 1201.41(b)(5) (reflecting an administrative judge's authority to grant an appellant's request for a hearing).

Here, the appellant sought to withdraw her hearing request on two occasions ahead of the hearing date on October 10, 2019. IAF, Tab 22 at 3; Tab 27 at 4. We agree with the administrative judge's finding that the appellant's first withdrawal of her request for a hearing was not unequivocal, as it was filed while her request to reschedule the hearing was still pending; thus, the motion to withdraw the hearing request was, in effect, conditioned on the administrative judge denying the request for a postponement. ID at 4; IAF, Tab 22. However,

the second request asking the administrative judge to "withdraw the hearing in its entirety" was clear. IAF, Tab 27 at 4. At that point, the administrative judge should have canceled the hearing. We therefore find that the extreme sanction of dismissal for failure to prosecute, which denied the appellant an opportunity for review of her appeal on the merits, does not serve the ends of justice. *See Tully v. Department of Justice*, 95 M.S.P.R. 481, ¶¶ 8, 12 (2004) (vacating an administrative judge's dismissal for failure to prosecute because the sanction was based in part on the pro se appellant failing to appear at a hearing that the administrative judge scheduled during a period that the appellant had previously advised the administrative judge he would be on military duty). Accordingly, we find that the administrative judge abused his discretion in dismissing the appeal for failure to prosecute.

Determining when to close the record is a matter within the sound discretion of the administrative judge. *Robinson v. Department of the Army*, 50 M.S.P.R. 412, 419 (1991). Nonetheless, when an appeal is decided without a hearing, the procedures used must comport with the basic requirements of fairness and notice, including an opportunity to respond to submissions of the parties. *Id.* Although the administrative judge's October 10, 2019 order to show cause afforded the parties an opportunity to file additional evidence and argument, he set that same date, i.e., October 10, 2019, as the close of record date. IAF, Tab 31 at 2. While administrative judges are afforded significant leeway in managing their dockets, we do not find that requiring parties to make close of record submissions on the same date the close of record order is issued allows the parties a reasonable amount of time to prepare and file additional evidence and argument. *See Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶¶ 5, 11 (2008) (finding that a 5-day deadline for an appellant to respond to an order did not provide her with sufficient time to receive the order and respond). Because we find that the administrative judge should have canceled the hearing and provided the parties with sufficient time to file close of record submissions,

we also disagree with the administrative judge's determination that the appellant's absence at the hearing and failure to timely submit a response to the show cause order demonstrates a lack of due diligence, negligence, or bad faith in her efforts to comply with his orders.

Thus, we vacate the initial decision and remand the appeal to the regional office for the administrative judge to adjudicate the appeal on the merits based on the written record. On remand, the administrative judge should issue a new close of record order that provides the parties with sufficient time to file additional evidence and argument, as well as an opportunity to reply to each other's submissions. The administrative judge should then issue a decision on the merits of the appeal based on the written record.

In remanding this appeal, we observe that appellants are expected to comply with all orders issued by the Board's administrative judges. *Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶ 15 (2010). Moreover, an administrative judge may impose various sanctions when a party fails to comply with an order. *Id.*; *see* 5 C.F.R. § 1201.43(a) (listing possible sanctions). Accordingly, on remand, the appellant must be more diligent in complying with the administrative judge's orders and in pursuing her appeal to avoid the imposition of sanctions as necessary to serve the ends of justice. *See Wiggins*, 113 M.S.P.R. 443, ¶ 15.[3]

The appellant argues that the administrative judge demonstrated bias against her and in favor of the agency in his rulings. PFR File, Tab 1 at 3-5. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies

---

[3] Because we are vacating the initial decision and remanding the appeal for a decision on the merits, we need not reach the appellant's remaining argument on review that the agency hindered her efforts to comply with the administrative judge's orders. PFR File, Tab 1 at 21-22. We also have not considered the additional documentation that the appellant submitted with her petition for review. PFR File, Tab 1 at 7-20, 22-23. The appellant may submit these materials into the record on remand consistent with the orders of the administrative judge.

administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). The party must show that the bias constitutes extrajudicial conduct rather than conduct arising during the administrative proceedings before him. *Tyler v. U.S. Postal Service*, 90 M.S.P.R. 545, ¶ 7 (2002); *Gensburg v. Department of Veterans Affairs*, 85 M.S.P.R. 198, ¶ 6 (2000). The fact that an administrative judge ruled against a party is insufficient evidence to show bias. *Tyler*, 90 M.S.P.R. 545, ¶ 7; *Gensburg*, 85 M.S.P.R. 198, ¶ 6. Because the appellant's claims of bias derive from the administrative judge's rulings during the proceedings, she has not established bias.

## ORDER

For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.