**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JANELLE MASON,<br>　　　　　　Appellant, | DOCKET NUMBER<br>DC-844E-20-0306-I-1 |
| 　　　v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　　Agency. | DATE: June 27, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Janelle Mason</u>, District Heights, Maryland, pro se.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for failure to prosecute her appeal of a decision by the Office of Personnel Management.  On review, she argues that she was unable to attend the

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

scheduled telephonic hearing below due to a "pandemic medical emergency."[2] Petition for Review (PFR) File, Tab 1 at 3; Initial Appeal File, Tab 7 at 1. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

If a party fails to prosecute or defend an appeal, the sanction of dismissal with prejudice may be imposed.  *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 17 (2013); *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011) (citing *Ahlberg v. Department of Health and Human Services*, 804 F.2d 1238, 1242 (Fed. Cir. 1986) and 5 C.F.R. § 1201.43(b)).  Such an extreme sanction is only appropriate when necessary to serve the ends of justice and

---

[2] The appellant indicates in her petition for review that she is including with her pleading medical documents surrounding a medical emergency.  Petition for Review (PFR) File, Tab 1 at 2.  However, it does not appear that she has included any such documents.  Rather, it seems that the appellant attempted to scan medical documentation, as one of the pages of the attachments contains the phrase "in 1-2 days for reeval," but this documentation is illegible and incomplete.  *Id.* at 4-5.  Recognizing that certain medical documentation could have an impact on the success of the appellant's petition for review, the Office of the Clerk of the Board provided the appellant with an opportunity to resubmit the attachments, but the appellant did not do so.  PFR File, Tab 4.

should only be imposed when (1) a party has failed to exercise basic due diligence in complying with Board orders or (2) a party has exhibited negligence or bad faith in its efforts to comply. *Davis*, 120 M.S.P.R. 34, ¶ 18; *Williams*, 116 M.S.P.R. 377, ¶ 7. If an appellant repeatedly fails to respond to multiple Board orders, such inaction reflects a failure to exercise basic due diligence, and the imposition of the sanction of dismissal for failure to prosecute is appropriate. *Williams*, 116 M.S.P.R. 377, ¶ 9; *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007); *Murdock v. Government Printing Office*, 38 M.S.P.R. 297, 299 (1988). Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of sanctions, including the sanction of dismissal with prejudice. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, 644-45 (2016), *aff'd*, 681 F. App'x 934 (Fed. Cir. 2017). Based on our review of the record, we find no abuse of discretion on the part of the administrative judge in this appeal.[3]

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[3] As noted above, the appellant claims in her petition for review that she was unable to attend a hearing because of a "pandemic medical emergency." PFR File, Tab 1 at 3. However, she has not explained why she was unable to respond to the administrative judge's orders regarding prehearing submissions, nor has she explained why she failed to respond to the order to show cause. *Id*. Moreover, she has not explained how a medical emergency impacted her ability to respond to any of the administrative judge's orders. *Id*. Importantly, she has not provided any evidence to support her claim of a "pandemic medical emergency," despite having multiple opportunities to do so. PFR File, Tabs 1, 4. The Board typically will not entertain a claim of a medical emergency absent corroborating evidence. *See, e.g., Martin v. Office of Personnel Management*, 51 M.S.P.R. 360, 361 (1991) (stating that an appellant's claim that he was ill is a "mere assertion" when it is unsupported by medical documentation when analyzing a timeliness issue and whether an appellant's assertion of illness constituted good cause). Accordingly, the appellant's petition for review does not provide a basis to disturb the initial decision.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.