## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEPHANIE L. CALDWELL,

      Appellant,

v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBER
DC-844E-19-0578-I-2

DATE: July 16, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Stephanie L. Caldwell, Concord, North Carolina, pro se.

Christy Miller, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for failure to prosecute her appeal from a reconsideration decision by the Office of Personnel Management (OPM). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant filed the instant appeal challenging OPM's reconsideration decision denying her disability retirement benefits under the Federal Employees Retirement System (FERS). Initial Appeal File (IAF), Tab 1 at 3, Tab 6 at 6, 20-21. As relevant here, the administrative judge conducted a telephonic status conference, which both the appellant and the agency attended. Refiled Appeal File (RAF), Tab 2, Tab 3 at 1.

During the status conference, the appellant promised to contact the administrative judge by December 30, 2019, to inform him of whether she wished to proceed to a hearing or have him issue a decision on the written record. RAF, Tab 3 at 2. Following the conference, the administrative judge issued a hearing order in which he ordered the parties to submit prehearing submissions, scheduled a prehearing status conference, and scheduled a hearing. *Id.* at 2-4. He subsequently issued an erratum notice moving forward the due date for prehearing submissions. RAF, Tab 4.

The appellant subsequently never contacted the administrative judge regarding whether she wanted a hearing or a decision on the written record. RAF, Tab 6 at 2. Moreover, she did not file prehearing submissions, and she failed to appear for the prehearing conference. *Id.* The administrative judge therefore cancelled the hearing and ordered the appellant to show cause as to why sanctions, including the dismissal of her appeal with prejudice, should not be imposed. *Id.* at 2-3. The administrative judge further informed the appellant that if she failed to comply with the order, the appeal would be dismissed for failure to prosecute. *Id.* at 3. The order, issued on January 23, 2020, gave the appellant until January 30, 2020, to respond. *Id.* The appellant again did not respond.

After the response window lapsed, the administrative judge issued an initial decision dismissing the appeal with prejudice for failure to prosecute. RAF, Tab 7, Initial Decision (ID) at 1. The administrative judge held that the appellant had failed to respond to or comply with "numerous" Board orders and directives during her appeal. ID at 4. He further observed that the appellant had been warned of the consequences of her failure to respond. *Id.*

The appellant subsequently filed a petition for review. Petition for Review (PFR) File, Tab 1. She appears to assert that she never received the hearing order or erratum notice, claiming she "did not receive a notice to appear." *Id.* at 1. She further states that she suffers from a mental illness, has been "extremely depressed," and that her depression has hindered her from "properly taking care of business." *Id*. Nonetheless, she repeats her claim that she did not receive the order and notice, and states that had she received them she would have complied. *Id*. She also attaches copies of medical records and a letter related to OPM's processing of her disability retirement application. *Id*. at 5-217. The agency has not responded.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant has rebutted the presumption that she received the hearing order and the following erratum notice.

Here, the appellant asserts on review that she never received "the notice to appear." PFR File, Tab 1 at 1. We interpret this as a claim that she did not receive the hearing order and erratum notice. *See Miles v. Department of Veterans Affairs*, 84 M.S.P.R. 418, ¶ 10 (1999) (explaining that administrative judges should provide more guidance to pro se appellants and interpret their arguments in the most favorable light). Because she did not respond to the order to show cause below, the administrative judge did not have an opportunity to address this assertion. We do so here.

The administrative judge mailed the hearing order and erratum notice to the appellant at the address she provided on her initial appeal form. IAF, Tab 1 at 1;

RAF, Tab 3 at 6, Tab 4 at 2. The Board will presume that documents placed in the mail are received in 5 days. *Cabarloc v. Department of Veterans Affairs*, 110 M.S.P.R. 695, ¶ 7 (2009). However, a party may rebut this presumption with a statement denying receipt and certifying to the truth of the party's statement. *See id.,* ¶¶ 5, 7 (finding that an appellant's statement as to the date of delivery of an agency's final decision letter, made on an appeal form which included a certification that the statements therein were true, was sufficient to rebut the presumption of 5-day mail delivery).

Here, the appellant stated in her unsworn petition for review that she did not receive the scheduling information. PFR File, Tab 1 at 1. Nonetheless, we find the statement sufficient to rebut the presumption of receipt under the facts here. The Board has previously held that, unless specifically required by the administrative judge, an appellant's statement on the timeliness of an initial appeal need not be sworn or in affidavit form. *Moss v. Department of the Army*, 85 M.S.P.R. 478, ¶ 6 (2000). Although the order at issue here concerned the appellant's failure to comply with a hearing order, and not the timeliness of her initial appeal, we find it analogous. The administrative judge did not require the appellant in the order to show cause to submit a sworn statement. Therefore, the appellant's unsworn statement on review that she did not receive the hearing order is entitled to evidentiary weight. PFR File, Tab 1 at 1; *see Moss*, 85 M.S.P.R. 478, ¶ 6. In light of the lack of any contradictory evidence and the appellant's pro se status, we find that the appellant established that she did not receive the hearing order and erratum notice. *See Moss*, 85 M.S.P.R. 478, ¶ 6 (considering as factors in favor of crediting an appellant's unsworn statement as to when she received a termination notice from the Office of Special Counsel that her employing agency did not submit any evidence to contradict the appellant's statement and her pro se status).

<u>The appellant's failure to respond to the order to show cause is insufficient to warrant dismissal of the appeal.</u>

The appellant does not deny on review that she received and failed to respond to the order to show cause. PFR File, Tab 1 at 1. Thus, we presume she received the notice on January 28, 2020, 5 days after it was issued.[2] RAF, Tab 6 at 1; *see Cabarloc*, 110 M.S.P.R. 695, ¶ 7. The administrative judge found that the appellant's failure to respond to this order was part of a pattern of the appellant failing to respond to "numerous" orders, justifying a dismissal of failure to prosecute. ID at 3-4. We are not persuaded.

The order to show cause stated that the appellant's response was to be received by the administrative judge "on or before January 30, 2020." RAF, Tab 6 at 3. Thus, accounting for 5 days of mailing to the appellant, it afforded the appellant only 2 days to review and respond to the order. It did not allow 5 days for return mailing.[3] Under these circumstances, the administrative judge did not allow the appellant sufficient time to respond or file a motion for an extension. *Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶¶ 5, 11 (2008) (concluding that a 5-day deadline for an appellant to respond to an order did not provide her with sufficient time to receive the order and respond); *Lynch v. Office of Personnel Management*, 79 M.S.P.R. 437, ¶ 8 (1998) (finding the administrative judge's order, affording only 10 days for the order to reach an appellant and her response to be received, did not allow for any time to prepare a response in light of the 5-day presumption for mail delivery).

In any event, failure to obey a single order does not ordinarily justify dismissal for failure to prosecute. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 14 (2016), *aff'd per curiam*, 681 F. App'x 934 (Fed. Cir. 2017). Here, the

---

[2] The certificate of service indicates the order was mailed on January 22, 2020. RAF, Tab 6 at 4. However, the order is dated January 23, 2020. *Id.* at 1. Therefore, we assume it was actually mailed on the latter of those two dates, January 23, 2020.

[3] The initial decision was issued only 12 days after the order to show cause, on February 4, 2020. ID at 1.

appellant participated in her appeal by requesting "additional time to submit evidence that may support [her] appeal" and attending a status conference. IAF, Tab 10; RAF, Tab 2 at 1, Tab 3 at 1; *see Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶ 12 (2010) (finding that an appellant who provides some responses to Board orders, even if incomplete or duplicative, does not evidence an intent to abandon an appeal). Because the appellant established on review that she did not receive the hearing order and erratum notice, her failure to respond to the remaining order, the order to show cause, is not sufficient to justify dismissing her appeal for failure to prosecute. Additionally, although the appellant allegedly "promised" to contact the administrative judge regarding whether she wanted a hearing or not, she was not ordered to do so. RAF, Tab 3 at 1-2. Accordingly, we find that the appellant's failure to contact the administrative judge as promised does not evidence a lack of diligence or negligence or an intent to abandon her appeal.

Based on the foregoing, we find that the appellant has not exhibited an intent to abandon her appeal, nor negligence or bad faith. Nonetheless, in remanding this appeal, we observe that appellants are expected to comply with all orders issued by the Board's administrative judges. *Wiggins*, 113 M.S.P.R. 443, ¶ 15. Moreover, an administrative judge may impose various sanctions when a party fails to comply with an order. *Id.*; *see* 5 C.F.R. § 1201.43(a) (listing possible sanctions). Accordingly, on remand, the appellant must be more diligent in complying with the administrative judge's orders and in pursuing her appeal to avoid the imposition of sanctions as necessary to serve the ends of justice. *See Wiggins*, 113 M.S.P.R. 443, ¶ 15.

To the extent the appellant has submitted documents on review to argue she was unable to respond to the order to show cause for medical reasons, we find it unnecessary to consider them in light of our findings here. PFR File, Tab 1. To the extent she has submitted them to prove her entitlement to a disability

retirement annuity, she may resubmit them below in compliance with the administrative judge's orders.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.