## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CINDY A. WUNSCH,

           Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,

           Agency.

DOCKET NUMBER
NY-844E-20-0231-I-1

DATE: January 15, 2025

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Cindy A. Wunsch</u>, Williamsville, New York, pro se.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed her disability retirement appeal for failure to prosecute. For the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Office of Personnel Management (OPM) denied the appellant's application for disability retirement. Initial Appeal File (IAF), Tab 9 at 4-7. On August 28, 2020, the appellant filed a Board appeal of that decision by U.S. Mail. IAF, Tab 1. The administrative judge issued an acknowledgment order, a jurisdictional order, and an order to the appellant to provide documentation. The appellant was served these documents by U.S. Mail, and she responded to the documentation order as requested. IAF, Tabs 2-5, 7.

Subsequently, the administrative judge issued a close of the record order and served the appellant electronically. IAF, Tab 6. When the appellant failed to appear at the close of the record conference, the administrative judge issued an order to show cause why she did not attend the conference and warned the appellant of possible sanctions, up to dismissal of her appeal for failure to prosecute. IAF, Tab 10. Again, the appellant was served electronically and did not respond. *Id*. at 3. The administrative judge then issued two more such orders, directing the appellant to respond and warning her that her appeal would be dismissed if she failed to do so. IAF, Tabs 11-12. These orders were served electronically as well. IAF, Tab 11 at 4, Tab 12 at 4.

After the appellant's failure to respond to these multiple orders, on November 2, 2020, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute. IAF, Tab 13. The appellant was served the initial decision electronically as well. IAF, Tab 14.

On November 28, 2020, the appellant filed a petition for review by U.S. Mail, stating that she did not receive any emails from the Board. Petition for Review (PFR) File, Tab 1 at 5. OPM has filed a response.

An administrative judge may impose the sanction of dismissal with prejudice if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when necessary to serve the ends of justice, such as when a party has failed to exercise basic due diligence in complying with Board orders or has exhibited negligence or bad faith in her efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. When an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the imposition of the sanction of dismissal for failure to prosecute has been found appropriate. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011); *see Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 16 (2016), *aff'd*, 681 F. App'x 934 (Fed. Cir. 2017); *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007).

Nevertheless, electronic service of the Board's issuances is only appropriate for properly registered e-filers who affirmatively consent to electronic service. *See* 5 C.F.R. § 1201.14(e)(1)-(2) (2020) (noting that registration as an e-filer constitutes consent to accept electronic service and that the exclusive means for registering as an e-filer is to do so through e-Appeal Online), (j)(1) (identifying that paper copies of Board issuances are not ordinarily served on registered e-filers), (j)(3) (noting that registered e-filers are responsible for monitoring case activity in the e-Appeal Online Repository to ensure that they have received all case-related documents).

The record for this appeal does not contain the appellant's affirmative consent to accept electronic service. Therefore, we find that none of the orders served on the appellant electronically were properly served, and that it is not appropriate to hold her accountable for failing to respond to them. IAF, Tabs 6, 10-12. Under these circumstances, the sanction of dismissal for failure to prosecute does not serve the ends of justice. *See Tully v. Department of Justice*, 95 M.S.P.R. 481, ¶¶ 8, 12 (2004) (vacating an administrative judge's dismissal

for failure to prosecute because the sanction was based in part on the pro se appellant failing to appear at a hearing that the administrative judge scheduled during a period that the appellant had previously advised the administrative judge he would be on military duty).

We therefore vacate the initial decision and remand the appeal for adjudication of the merits. On remand, the administrative judge should update and verify the appellant's preferred method of service and establish a new close of the record schedule.

## ORDER

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:   _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.