## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

IRINA FARQUHAR,
　　　　　　Appellant,

　　　v.

DEPARTMENT OF THE ARMY,
　　　　　　Agency.

DOCKET NUMBERS
DC-1221-17-0296-B-1
DC-0432-23-0635-I-1

DATE: February 10, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Irina Farquhar, Burke, Virginia, pro se.

Jonathan A. Heller and Andrea Saglimbene, Fort Belvoir, Virginia,
　　for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

### FINAL ORDER

The appellant has filed petitions for review of the two initial decisions, which dismissed her appeals for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in these appeals, we JOIN these appeals,[2] and conclude that the petitioner has not established any basis under section 1201.115 for granting the petitions for review.

An administrative judge may impose the sanction of dismissal with prejudice if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Such a sanction should be imposed only when necessary to serve the ends of justice, such as when a party has failed to exercise basic due diligence in complying with Board orders or has exhibited negligence or bad faith in her efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Although the failure to obey a single order does not ordinarily justify dismissal for failure to prosecute, when an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, the imposition of the sanction of dismissal for failure to prosecute has been found appropriate. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶¶ 14-16 (2016), *aff'd*,

---

[2] Joinder of two or more appeals filed by the same appellant may be appropriate when joinder would expedite processing of the appeals and would not adversely affect the interests of the parties. *Boechler v. Department of the Interior*, 109 M.S.P.R. 542, ¶ 14 (2008), *aff'd*, 328 F. App'x 660 (Fed. Cir. 2009); 5 C.F.R. § 1201.36(a)(2), (b). We find that these appeals meet the regulatory criteria, and therefore, we join them.

681 F. App'x 934 (Fed. Cir. 2017); *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011); *see Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 16 (2007). In a case such as this one, when an appellant's repeated failure to comply with Board orders reflects a lack of due diligence, and the appellant has been warned of the consequences of such conduct, the sanction of dismissal for failure to prosecute is appropriate. *Turner*, 123 M.S.P.R. 640, ¶ 16, *Leseman*, 122 M.S.P.R. 139, ¶ 7.

With her petition for review, the appellant has provided a letter from one of her treating physicians discussing her various medical conditions and treatments. *Farquhar v. Department of the Army*, MSPB Docket No. DC-0432-23-0635-I-1, Petition for Review (0635 PFR) File, Tab 2 at 7-14. To the extent that the appellant is asserting that her failure to comply with the administrative judge's orders should be excused based on her medical conditions, we conclude that her claim is unsupported. In the physician's letter, he identifies that he has treated the appellant for a number of psychological and physiological conditions since 2019. *Id.* at 7-11. The Board has found good cause to reverse the dismissal of an appeal for failure to prosecute when the appellant has proven that her failure to respond to multiple Board orders was due to a health condition. *Monley v. U.S. Postal Service*, 74 M.S.P.R. 27, 29-30 (1997). However, the appellant has not asserted, and the record does not show, that her various conditions prevented her from complying with the administrative judge's orders. *See Murdock v. Government Printing Office*, 38 M.S.P.R. 297, 299 (1988) (declining to excuse an appellant's failure to respond to an administrative judge's orders when he claimed on review that he suffered from a medical condition but failed to allege or show that his condition prevented him from complying with those orders). For example, she has not asserted that she was hospitalized, incapacitated, or otherwise physically or mentally unable to understand or to respond to the Board's orders during the relevant time period. *See Malfitano v. Department of the Navy*, 63 M.S.P.R. 260, 262 (1994) (finding that general claims of mental and

emotional impairment, unsupported by medical documentation, did not establish good cause for the untimely filing of a petition for review), *aff'd*, 45 F.3d 444 (Fed. Cir. 1995) (Table).

The appellant also states that she was receiving outpatient therapy out of state for her injuries at the time the show cause orders were issued and the status conferences occurred. 0635 PFR File, Tab 1 at 2-3; Tab 6 at 12-13. To the extent she is alleging that her outpatient therapy treatment prevented her from timely responding to the administrative judge's orders, she also has provided insufficient evidence to support this claim. *See Smith v. Office of Personnel Management*, 57 M.S.P.R. 663, 666 (1993) (concluding that the fact that the appellant was out of town during the entire period for filing a petition for review did not constitute good cause for waiver of the filing deadline); *cf. Monley*, 74 M.S.P.R. at 29-30 & n.2 (1997) (finding that the appellant showed good cause for his failure to comply with the administrative judge's orders when he submitted a sworn statement and a doctor's letter detailing how he had been in and out of the hospital for stress-related illnesses and because of medications he had been taking, and had undergone inpatient and outpatient medical treatment during the relevant time period); *Reynolds v. Department of Transportation*, 17 M.S.P.R. 564, 565-56 (1983) (reversing a dismissal for failure to prosecute when the appellant missed the hearing due to medical reasons related to her third-trimester pregnancy). The appellant has not asserted that she was incapacitated or otherwise unable to participate in the Board proceedings due to her outpatient treatment, and in fact, acknowledged that if she had received the administrative judge's attempts to contact her by phone, she would have been capable of participating in the scheduled status conference calls. 0635 PFR File, Tab 6 at 11-12. Accordingly, we discern no abuse of discretion in the administrative judge's decision to dismiss the appeal for failure to prosecute. Therefore, we

DENY the petitions for review and AFFIRM the initial decisions, which are now the Board's final decision.[3]  5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[3] The appellant also argues on review that her failure to attend the status conference calls or to respond to the administrative judge's orders should be excused because she lost access to the email address linked to her e-Appeal account.  0635 PFR File, Tab 1 at 3.  As a registered e-filer during all relevant times in these appeals, the appellant agreed to accept documents through electronic service, and, further, she was required to monitor her case activity at the Repository in e-Appeal to ensure that she received all case-related documents.  *Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 6 (2013); 5 C.F.R. § 1201.14(e), (j)(3) (2021).  Additionally, pursuant to 5 C.F.R. § 1201.26, a party is required to notify the appropriate Board office and other parties, in writing, of any changes to their address, telephone number, or email address.  The appellant has not alleged that the contact information that she provided when she registered as an e-filer was somehow incorrect, or that she attempted to withdraw as an e-filer or to update her contact method of service, in writing, prior to the issuance of the initial decisions in these appeals.

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        _____
                             Gina K. Grippando
                             Clerk of the Board

Washington, D.C.