# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOY CHACON,

               Appellant,

      v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,

               Agency.

DOCKET NUMBER
NY-0752-19-0108-I-1

DATE: February 28, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joy Chacon, Connelly, New York, pro se.

Fernando Morales, Esquire, New York, New York, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed with prejudice her removal appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

Effective March 8, 2019, the appellant was removed from her position with the agency as a GS-13 Consumer Safety Officer. Initial Appeal File (IAF), Tab 9 at 6. Her removal was based on charges of failure/refusal to follow supervisory instructions (13 specifications), absence without leave (17 specifications), and failure to follow established leave procedures (17 specifications). IAF, Tab 6 at 10-23.

This timely filed appeal followed, in which the appellant raised affirmative defenses of harmful procedural error, discrimination on the basis of age, race, and gender, and retaliation for her prior equal employment opportunity activity and whistleblowing disclosures. IAF, Tab 1 at 6. In her acknowledgement order, the administrative judge directed the agency to contact the appellant within 35 calendar days "to define the issues, agree to stipulations, and discuss the possibility of settlement." IAF, Tab 2 at 2. The appellant requested that the administrative judge assist in that discussion. IAF, Tab 4 at 4.

The administrative judge scheduled a conference call for April 29, 2019. IAF, Tab 18 at 1. The appellant replied that same day, stating that she was unavailable for the date selected by the administrative judge, but that she and the agency counsel would be available on other dates. IAF, Tab 19 at 4. Based on this information, on April 29, 2019, the administrative judge scheduled the status conference for May 28, 2019. IAF, Tab 20 at 1. Among other things, the administrative judge stated that, at the conference, "[e]ach party must be prepared to identify a settlement authority and discuss an initial settlement position." *Id.* Also on this date, the administrative judge dismissed for lack of jurisdiction the appellant's individual right of action (IRA) appeal.[2] *Chacon v. Department of Health and Human Services*, MSPB Docket No. NY-1221-18-0167-W-2, Appeal File (W-2 AF), Tab 28.

A few days prior to the May 28, 2019 conference, the appellant filed a motion requesting that the administrative judge schedule a mandatory settlement conference under the "Settlement Judge Program" and correct her prior prejudicial errors or recuse. IAF, Tab 21 at 4-13. Much of the appellant's filing concerned the administrative judge's adjudication of her IRA appeal. *Id.* at 5-12. Among other things, the appellant argued for the first time that her removal appeal should not have been a separate action and that her appeals should be consolidated. *Id.* at 6-8. The appellant further alleged that the administrative judge ignored her January 27, 2019 stay request that resulted in her removal, and her March 21, 2019 motion for a settlement conference. *Id.* at 5. The appellant stated that she "invoke[d] her right to request the activation of the MSPB's Settlement Judge Program for this case and decline[d] participation in the premature scheduling of hearing and prehearing dates[] at this time and until MSPB due process has been restored." *Id.* at 13.

---

[2] The Board may take official notice of matters that can be verified, including documents or actions in other Board appeals. *Wofford v. Department of Justice*, 115 M.S.P.R. 468, ¶ 5 n.4 (2010); *see* 5 C.F.R. § 1201.64.

On May 28, 2019, the administrative judge issued an order and summary of conference call. IAF, Tab 23 at 1. She noted that neither party attended the conference as scheduled, and she advised the parties that additional failures to comply with the Board's orders would result in sanctions. *Id.* Among other things, she ordered the parties to file their prehearing submissions by July 5, 2019, and she scheduled a telephonic prehearing conference for July 8, 2019. *Id.* at 4, 6. The appellant, as an e-filer, was served with this order. *Id.* at 7.

The appellant thereafter filed a motion to activate the "Settlement Judge Program." IAF, Tab 26 at 4. On June 7, 2019, the administrative judge denied the appellant's request for a settlement judge, and she stated therein that settlement would be discussed at the scheduled prehearing conference and she would revisit the appellant's request at that time. IAF, Tab 27 at 1.

On July 8, 2019, the administrative judge issued an order and summary of prehearing conference. IAF, Tab 30 at 1. She noted that the appellant was not present. *Id.* She also noted that the appellant failed to file a prehearing submission. *Id.* For the appellant's continued failure to comply with Board orders, the administrative judge sanctioned her by denying her request for a hearing. *Id.* Additionally, the administrative judge ordered the appellant to file a pleading by July 15, 2019, showing good cause why her appeal should not be dismissed for failure to prosecute. *Id.* The administrative judge warned that if the appellant failed to timely respond, her appeal would be immediately dismissed for failure to prosecute. *Id.* at 2. The appellant was served with this order, *id.* at 4, but she did not file a response.

The administrative judge dismissed her appeal for failure to prosecute. IAF, Tab 31, Initial Decision (ID) at 1. In doing so, the administrative judge made the following findings: (1) the appellant was appropriately notified of her obligation to appear for scheduled conferences and respond to orders during the appeal; (2) despite notice, she failed to respond to multiple orders; (3) she failed to demonstrate good cause for her failure to participate in the prosecution of the

appeal, despite an opportunity to do so; and (4) she failed to exercise basic due diligence in complying with the Board's order and exhibited negligence and a lack of attention to her Board appeal.  ID at 2.

The appellant has filed a petition for review, arguing that the administrative judge was biased and made various adjudicatory errors.  Petition for Review (PFR) File, Tab 1.  She also includes the petition for review that she filed in the IRA appeal.  *Id.* at 7-16.  The agency has filed a response opposing the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The sanction of dismissal with prejudice is a severe sanction, and the Board has held that it is only appropriate when necessary to serve the ends of justice and should only be imposed when (1) a party has failed to exercise basic due diligence in complying with Board orders, or (2) a party has exhibited negligence or bad faith in its efforts to comply.  *Davis v. Department of Commerce*, 120 M.S.P.R. 34, ¶ 18 (2013).  Nevertheless, absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding the imposition of sanctions, including the sanction of dismissal with prejudice.  *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶ 14 (2016), *aff'd*, 681 F. App'x 934 (Fed. Cir. 2017).

Here, the appellant failed to appear for a status conference, failed to file a prehearing submission, failed to appear for a prehearing conference, and failed to respond to an order to show cause.  IAF, Tab 23 at 1, Tab 30 at 1; ID at 2. On review, the appellant does not allege that she was unaware of the deadlines for filing submissions or the dates and times of the conferences she was ordered to attend. PFR File, Tab 1 at 4-16.  Additionally, none of the appellant's arguments justify her failure or refusal to attend scheduled conferences or submit a prehearing submission.  Under the circumstances of this case, we find that the administrative judge's dismissal of this appeal for failure to prosecute was within

her discretionary authority, and we affirm the initial decision dismissing the appeal with prejudice for failure to prosecute. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 7 (2015); *Davis*, 120 M.S.P.R. 34, ¶ 19. We therefore need not address the appellant's arguments regarding the propriety of her removal.

We have considered the appellant's remaining arguments on review, but none warrant a different outcome. For example, the appellant asserts that the administrative judge prevented her from prosecuting her case, and she states that she informed the administrative judge that she "[declined] participation in the premature scheduling of hearing and prehearing dates . . . until MSPB due process [had] been restored." PFR File, Tab 1 at 4, 6. She also asserts that the administrative judge "scheduled a kangaroo prehearing conference." *Id.* at 6. She further asserts that the administrative judge was biased and engaged in judicial misconduct. *Id.* at 4-6.

Some of the arguments in her petition for review in the IRA appeal, *id.* at 7-16, appear to relate to this removal appeal and the administrative judge's decision to dismiss the appeal for failure to prosecute, and we will consider them herein.[3] For example, the appellant argues on review that the administrative judge erred in not joining her IRA appeal and removal appeal. *Id.* at 9. Joinder of two or more appeals filed by the same appellant may be appropriate when it would expedite processing of the appeals and when it would not adversely affect the interests of the parties. 5 C.F.R. § 1201.36(b). The appellant has not satisfied this burden.

We have also considered the appellant's argument that the administrative judge failed to consider some of her submissions, including her January 27, 2019

---

[3] Conversely, we will not address any arguments that obviously concern only her IRA appeal. Therefore, we do not address the appellant's argument that the administrative judge failed to consider her February 21, 2019 submission in the IRA appeal or that the administrative judge erred in addressing her disciplinary records from 2012-2014 in the initial decision in that matter. PFR File, Tab 1 at 11.

stay request and her March 21, 2019 and May 24, 2019 motions to schedule a settlement conference. PFR File, Tab 1 at 10-11. There is no January 27, 2019 filing in this matter, and we are not aware of any separately docketed stay appeal during this time frame. The appellant included below a copy of the stay request that it appears she filed in the IRA appeal.[4] IAF, Tab 21 at 14-15, 21. However, because the stay request was made in the IRA appeal, we will not address it here. Although the administrative judge did not immediately respond to the appellant's March 21, 2019 and May 24, 2019 motions regarding settlement, she scheduled several conference calls. *E.g.*, IAF, Tabs 18, 20. On June 7, 2019, the administrative judge denied the appellant's June 6, 2019 motion for a settlement judge, noting that settlement would be discussed at the scheduled prehearing conference. IAF, Tab 27 at 1. Notably, the appellant did not attend the prehearing conference. IAF, Tab 30 at 1.

Finally, the appellant argues that the administrative judge was biased. *Id*. at 5. In particular, the appellant attributes the administrative judge's alleged adjudicatory errors to "inexplicable negligence or blatant bias." *Id*. at 16. The appellant also asserts that the administrative judge "demonstrated blatant bias" by, among other unspecified acts, stating during an August 2018 status conference (in the IRA appeal) that she "didn't like this case." *Id*. at 5. These arguments are not persuasive. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed.

---

[4] It appears that her stay request can be found at W-2 AF, Tab 1 at 4, 11-13.

Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555, (1994)). The administrative judge's adjudicatory findings, even if erroneous, are insufficient in themselves to establish bias. *Myers v. Department of Agriculture*, 81 M.S.P.R. 496, ¶ 29 (1999). Although we do not address the appellant's argument regarding the administrative judge's alleged statements in the IRA appeal, we note that, even if true, an administrative judge's remarks that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support" a bias claim. *Liteky*, 510 U.S. at 555. The appellant has failed to establish that the administrative judge's comments or actions in this matter evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber*, 287 F.3d at 1362-63.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:     _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.