## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

GWENDOLYN TAYLOR,
         Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
         Agency.

DOCKET NUMBER
DA-0831-25-0169-I-1

DATE:  June 12, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gwendolyn Taylor</u>, Arlington, Texas, pro se.

<u>Eva Ukkola</u>, <u>Sherri A. McCall</u>, and <u>Maureen Ann Kersey</u>, Washington,
   D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal for failure to prosecute.  On petition for review, the appellant apologizes for her absences during the scheduled status conference calls, asserts that she first became aware of the scheduled calls after they had concluded, and alleges that she attempted to respond by facsimile to the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

administrative judge's order to show cause for why her appeal should not be dismissed for failure to prosecute but her four transmission attempts were unsuccessful. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.

The sanction of dismissal may be imposed if a party fails to prosecute or defend an appeal. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders or has exhibited negligence or bad faith in its efforts to comply. *Williams*, 116 M.S.P.R. 377, ¶ 7. Although the failure to obey a single order does not ordinarily justify dismissal for failure to prosecute, an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence. *Turner v. U.S. Postal Service*, 123 M.S.P.R. 640, ¶¶ 14-15 (2016), *aff'd*, 681 F. App'x 934 (Fed. Cir. 2017). Indeed, the sanction of dismissal with prejudice has been found appropriate when an appellant completely failed to respond or comply with any of the Board's orders. *Id.*, ¶ 15. Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Williams*, 116 M.S.P.R. 377, ¶ 7.

As set forth in the initial decision, the appellant failed to appear for both of the scheduled prehearing conferences, failed to file a close of record submission as instructed by the administrative judge, and did not respond to the show cause order. Initial Appeal File (IAF), Tab 14, Initial Decision at 2, Tab 11 at 1, Tab 12 at 1, Tab 13 at 1. Regarding the appellant's argument that she did not receive the emails notifying her of the administrative judge's orders scheduling the telephonic status conference dates and that she first became aware of the conferences after the fact, the appellant's argument does not warrant reaching a different result. Petition for Review (PFR) File, Tab 1 at 1. The appellant was a registered e-filer, and as such, pursuant to the Board's regulations, she agreed to accept documents through electronic service and, further, was required to monitor her case activity in the e-Appeal Repository to ensure that she received all case-related documents. IAF, Tab 1 at 1, 5; *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009); 5 C.F.R. § 1201.14(e), (i)(3). Under the Board's regulations, pleadings and Board documents served electronically on registered e-filers, like the appellant, are deemed received on the date of electronic submission. *Rivera*, 111 M.S.P.R. 581, ¶ 5; 5 C.F.R. § 1201.14(*l*)(2). Each of the administrative judge's orders setting the status conference dates were electronically served on the appellant's email address of record and so they were deemed received as of the date of issuance. IAF, Tab 11 at 3, Tab 12 at 7, Tab 13 at 7. The Board has upheld dismissal for failure to prosecute in similar situations. *See*, *e.g.*, *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 7 (2015) (upholding a dismissal for failure to prosecute when the appellant failed to appear at two conferences, failed to submit prehearing submissions, and failed to respond to an order to show cause). Accordingly, we conclude that the administrative judge did not abuse his discretion by dismissing the appeal for failure to prosecute.

Regarding the appellant's assertion that she unsuccessfully attempted to respond to the show cause order by facsimile, although she was a registered

e-filer, as a pro se filer, she was not precluded from filing a pleading by facsimile. *Cf.* 5 C.F.R. § 1201.14(f) (stating that agency representative and appellant attorney representative e-filers must, with limited exceptions, file all pleadings using e-Appeal, and that any pleading filed by non-electronic means may be rejected). Nevertheless, the appellant has not argued and there is no evidence in the record suggesting that she requested technical assistance from the Board following her unsuccessful attempts to respond to the show cause order by facsimile, or that she alerted the administrative judge to her difficulties prior to the deadline to submit a response to the show cause order.[2] Accordingly, we conclude that the appellant's arguments on this point do not support reaching a contrary determination. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their

---

[2] Additionally, large portions of the facsimile transmission reports the appellant provides with her petition for review are illegible, including the destination phone number for the fax attempts. PFR File, Tab 1 at 3-6. It also appears that the fax machine the appellant used for the attempts was not configured with the correct date and time, as each of the transmission reports identify a transmission date of "1/1/2020," and so it is not possible to verify the date or destination for any of the transmission attempts. *Id.*

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.